IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| HARSCO CORPORATION d/b/a/ | * | |
| PATENT CONSTRUCTION SYSTEMS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 3:04CV00389 SWW |
| | * | |
| BUILDING CONSTRUCTION | * | |
| ENTERPRISES INC., | | |
| | * | |
| Defendant. | * | |

ORDER

Plaintiff filed this lawsuit in state court, asserting breach of contract. It did not request a jury trial. Defendant answered, filed a counterclaim, and removed the action to federal court. Plaintiff answered the counterclaim and requested a jury trial. The Court set the case for a jury trial, now scheduled for the week of July 24, 2006.

On June 14, 2006, the Court granted plaintiff's motion for summary judgment and dismissed defendant's counterclaims. Plaintiff filed a waiver of jury trial on June 21, 2006, and on June 23, 2006, defendant filed a demand for jury trial. Plaintiff objects, asserting that under Fed.R.Civ.P. 38, both its and defendant's demands for jury trial were untimely. In the alternative, plaintiff asserts its jury demand was rendered moot when the Court dismissed defendant's counterclaim. Defendant argues plaintiff did not limit its request for jury trial to its counterclaim and that its demand for jury trial was timely.

Fed.R.Civ.P. 38 provides in pertinent part:

**(b) Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time

after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue . . ..

**(c) Same: Specification of Issues.**  In the demand a party may specify the issues which the party wishes so tried; otherwise the party shall be deemed to have demanded trial by jury for all the issues so triable.  If the party has demanded trial by jury for only some of the issues, any other party within 10 days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.

**(d) Waiver.**  The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury.  A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

The Court finds plaintiff's demand for jury trial made in its response to defendant's counterclaim was timely under Rule 38(b).  The Court further finds that plaintiff did not specify in its response to the counterclaim that its demand for a jury trial was limited to the issues in the counterclaim.

According to Fed.R.Civ.P. 39,

[w]hen a trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action.  The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

Defendant does not stipulate to a trial to the Court.  Therefore, this matter remains a jury trial.

SO ORDERED this 11th day of July 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE