IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| HARSCO CORPORATION d/b/a/ <br> PATENT CONSTRUCTION SYSTEMS, <br><br> Plaintiff, <br><br> vs. <br><br> BUILDING CONSTRUCTION <br> ENTERPRISES INC., <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | No. 3:04CV00389 SWW |

**Memorandum Opinion and Order**

Before the Court is plaintiff's motion for attorney's fees and costs to which defendant responded. For the reasons stated below, the motion is denied.

This case involves an agreement the parties had regarding the supply and lease of equipment used on a construction project at Arkansas State University. Plaintiff filed this action in state court alleging breach of contract and in the alternative fair market value. Defendant counterclaimed and removed the action to federal court. The Court dismissed defendant's counterclaim, and the case went to trial on plaintiff's breach of contract and unjust enrichment claims. After a three-day trial, the jury returned a verdict in favor of plaintiff in the amount of $16,040.99.

Arkansas law provides that "[i]n any civil action to recover on . . . contract relating to the purchase or sale of goods . . . or for labor or services, or breach of contract, . . . the prevailing party may be allowed a reasonable attorney's fee . . ." Ark. Code Ann. § 16-22-308 (Repl. 1999). The decision to award attorney's fees under this statute and the amount is within the trial court's discretion. *TCBY Sys., Inc. v. RSP Co.,* 33 F.3d 925, 930 (8th Cir. 1994); *First United Bank v. Phase II*, 69

S.W.3d 33, 48 ( Ark. 2002). The trial court's decision will stand absent an abuse of that discretion. *General Trading Int'l, Inc. v. Wal-Mart Stores, Inc.*, 320 F.3d 831, 838 (8th Cir. 2003); *Caplener v. Bluebonnet Milling Co.*, 911 S.W.2d 586, 591 (Ark. 1995).

Plaintiff sought damages for breach of contract in excess of $100,000.00. Defendant asserts that it is clear from the amount awarded by the jury, $16,040.99, that the damages were based not on breach of contract but on *quantum meruit,* and §16-22-308 does not apply to an award under the theory of *quantum meruit.* In addition, defendant complains that plaintiff seeks attorney's fees and costs in the amount of $20,761.75, which is in excess of the jury award.

In *Woodhaven Homes, Inc. v. Kennedy Sheet Metal Co.*, 803 S.W.2d 508, 511-12 (Ark. 1991), the Arkansas Supreme Court held that where "a good part, if not most, of the quantum meruit recovery was for the reasonable value of appellee's labor or services which unjustly enriched the appellant, . . . an award of attorney's fees on this amount would be allowable under the language of [16-22-308]. The statute does not provide for attorney's fees in an action to recover for the materials supplied." The dispute in the case before the Court involved the leasing of shoring posts, which seems more in the nature of goods and services. Thus, it appears § 16-22-308 would not prohibit the award of fees in this case.

The Court, however, declines to award attorney's fees for the following reasons. The amount of the damages awarded to plaintiff seems to indicate that the jury found fault in both parties' conduct. There was evidence that the plaintiff supplied the wrong shoring posts, causing a delay in defendant's work. There was also evidence that the defendant took advantage of an ambiguity in the contract to retain the use of the posts. *See Jones v. Abraham,* 15 S.W.3d 310 (Ark. 2000) (because of the trial judge's intimate acquaintance with the trial proceedings and the quality of service rendered by the

prevailing party's counsel, appellate courts usually recognize the superior perspective of the trial judge in determining whether to award attorney's fees).

The Court finds, in light of the facts of the case and the result obtained, it is in the interests of justice to deny the motion for attorney's fees.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees and costs [docket entry 47] is denied.

DATED this 8th day of March 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE
